

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ROBBIE T. COLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-06-S-4906-M** |
| | ) | |
| **THE GOODYEAR TIRE &** | ) | |
| **RUBBER COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This marks the second time this case has reached this court on a notice of removal.[1]  Presently before the court is plaintiff's motion to remand the case to the Circuit Court of Etowah County, Alabama.[2]  The motion will be granted, although not for the precise reasons stated therein.

## I.  BACKGROUND

Plaintiff filed this action in state court on June 22, 2006.[3]  The original complaint contained five counts.  In Count I, plaintiff sought worker's compensation benefits under Alabama statutes; Counts II through V asserted claims based upon

---

[1] Doc. no. 1 (Notice of Removal).  *See also Cole v. The Goodyear Tire & Rubber Co.*, CV-06-S-1475-M (remanded on August 11, 2006).

[2] Doc. no. 2 (Motion to Remand).

[3] Doc. no. 1, Ex. A (State Court Complaint).

state law theories of strict products liability, negligence, wantonness, and breach of contract.[4]  Approximately one month after the action was filed, defendant filed a notice of removal in this court, purporting to remove Counts II through V only, and excepting the worker's compensation claim in a frivolous attempt to avoid the strictures of 28 U.S.C. § 1445(c), which prohibits the removal of all civil actions "arising under [state] workmen's compensation laws."  *Id.*

In remanding the case, the court explained that the relevant statutes provide no authority for a defendant's attempt to remove certain, select counts of a state court complaint to federal court, while leaving others to be litigated where they were originally filed.[5]  The court attempted to draw a clear distinction between what defendant had done, and a somewhat similar situation contemplated by § 1441(c). That section provides that:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more *otherwise non-removable* claims or causes of action, *the entire case* may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

*Id.* (emphasis supplied).  Clearly, a worker's compensation claim is an "otherwise non-removable" cause of action that would in some circumstances be rendered

---

[4] *Id.*

[5] *Cole v. The Goodyear Tire & Rubber Co.*, CV-06-S-1475-M, doc. no. 5 (Order of Remand).

removable under this statute — if only temporarily.  *See Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000) (requiring remand of worker's compensation claims appurtenant to federal question actions removed under § 1441(c)).  Nevertheless, since plaintiff's original complaint contained no federal question "within the jurisdiction conferred by section 1331," the court pointed out that defendant had no jurisdictional basis even for removing the *entire* action (as permitted by the statute), much less certain portions of it.[6]  Accordingly, remand was ordered.

In the months that followed remand, the case went forward in state court.  First, Circuit Judge William H. Rhea severed — for trial purposes only — the worker's compensation claim contained within Count I.[7]  Second, plaintiff amended his complaint to include two new claims.[8]  New Count VI states a claim for retaliatory discharge in retribution for requesting worker's compensation benefits.[9]  This claim arises under Alabama statutory law, and is therefore ordinarily non-removable under § 1445(c).  *See Reed*, 206 F.3d at 1060 ("Alabama's retaliatory discharge cause of action arises under that state's worker's compensation laws."); *see generally Roberts v. Beaulieu of America, Inc.*, 950 F. Supp. 1509, 1522 (N.D. Ala. 1996) (holding that

---

[6] *Id.* at p. 2.

[7] Doc. no. 1, Ex. B (Order of Severance).

[8] *Id.* at Ex. E (Amended Complaint).

[9] *Id.*

"the retaliatory discharge action is essential to the efficacy and integrity of Alabama's statutory workers' compensation scheme").  New Count VII alleges discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*[10]

## II.  RENEWED REMOVAL

Believing these developments rendered the case removable, defendant filed a second notice of removal within thirty days of the date on which plaintiff tendered his amended complaint.[11]  In his one-half page motion to remand, plaintiff contends that removal was improper because the Americans With Disabilities Act claim is "interwoven" with the non-removable retaliatory discharge count.[12]  The court sees little merit in this argument, and plaintiff cites no cases to support it.[13]

In point of fact, defendant was correct in believing that there was a renewed *chance* of removal:  the inclusion of the Americans With Disabilities Act claim (a federal question) actually triggered the applicability of § 1441(c).  Although the original time period for removal — "thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," § 1446(b) — has long-

---

[10] *Id.*

[11] Doc. no. 1.

[12] Doc. no. 2.

[13] *See* doc. no. 4 (Defendant's Response in Opposition to Remand), p. 2 (noting plaintiff's failure to cite any authority for the arguments offered in support of remand).

since expired, a savings provision in the second paragraph of § 1446(b) provides an exception on these facts:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading* . . . from which it may first be ascertained that the case is one which is *or has become* removable. . . .

28 U.S.C. § 1446(b) (emphasis supplied).

In order to remove the case to federal court, therefore, defendant needed only to comply with § 1441(c).  This, defense counsel utterly failed to do.  The second notice of removal purports to rely solely upon *diversity* jurisdiction under 28 U.S.C. § 1332.[14]  This mistake is nothing short of inexplicable in light of the court's statement in its previous order of remand that "only if the jurisdiction of this court is based on a *federal question* pursuant to [28 U.S.C.] § 1331, may a defendant remove separate and independent claims with an otherwise non-removable claim."[15]  But even if the court were willing to overlook this blunder, there is a more significant problem that necessitates remand.

As recited above, § 1441(c) provides for removal of "*the entire case*" "[w]henever a separate and independent . . . [federal question] . . . is joined with one

---

[14] Doc. no. 1, ¶¶ 2, 10, 11.

[15] *Cole v. The Goodyear Tire & Rubber Co.*, CV-06-S-1475-M, doc. no. 5 (Order of Remand), p. 2 (emphasis supplied).

or more otherwise non-removable claims or causes of action." *Id*. (emphasis supplied). Defying the express provisions of the statute, defendant filed a notice of removal of *just* Counts II through V, and VII, again excluding both counts that are based upon Alabama's worker's compensation law.[16] In taking this action, defendant has done, albeit in a different context, precisely what the court admonished it for doing last time around: picking and choosing *which* counts within a complaint it wants to (or believes it can) remove. Section 1441(c) plainly authorizes monolithic removal only, and then grants *the district court* discretion to "determine all issues [presented], or . . .[to] remand all matters in which State law predominates." *Id*. By omitting certain counts from the notice of removal, defendant has impermissibly endeavored to exercise this court's discretion for it.

Critically, it makes no difference that this court's discretion is, in effect, eviscerated by the holding in *Reed*, 206 F.3d at 1060, that § 1445(c) mandates remand of worker's compensation claims even where the procedure set forth in § 1441(c) is followed meticulously. In the wake of that decision, the exclusive procedural vehicle for removal of separate and independent claims within the court's federal question jurisdiction *still* requires initial removal of "the entire case," notwithstanding the fact that certain of the claims involved in the case are destined to be remanded. *See* §

---

[16] *Id*.

-6-

1441(c).   Indeed, it was not the defendant's failure to excise the worker's compensation claim from the notice of removal that troubled the panel in *Reed*, but the district court's refusal to *remand* that cause of action under § 1445(c) once it was actually removed.   *See Reed*, 306 F.3d at 1058, 1061.   Admittedly, defendant's approach to the problem confronted here would eliminate certain steps of the process, but the Supreme Court has for years instructed strict, literal compliance with removal statutes.   *See*, *e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). This court is not prepared to carve out an exception for this situation based merely on convenience. *Accord*, *Ledoux v. Rolls Royce Corp.*, No. 04-2345, 2005 WL 1831368, at * 4 (W.D. La. July 27, 2005) ("[Section 1441(c)] does not permit the removal of only a portion of a case.   Quite to the contrary, it authorizes a party to remove 'the entire case,' and *then* establishes that the federal district court has the discretion to remand the state law portion of the case.") (emphasis in original); *University of Chicago Hospitals & Clinics v. Olson*, No. 87-C-10023, 1988 WL 9051, at * 1 (N.D. Ill. Jan. 29, 1988) ("The first reason we will not allow removal here is that the insurance company did not attempt to remove the entire state court suit, but only a portion of it.   Section 1441(c) seems to contemplate that a party will remove an entire case, both removable and non-removable claims together, then the district court is allowed to remand those claims which should be remanded."); *Killian v. Union L.P.*

*Gas System*, *Inc.*, 568 F. Supp. 679, 680 (D.C. Mo. 1983) ("Therefore, even under Section § 1441(c)'s theory of removal, when a complaint states multiple causes of action which are separate and independent, the entire cause must be removed and the question of retaining any cause of action not within the Court's original jurisdiction or remanding such cause of action to state court is a matter to be decided by the district court in its discretion.").

### III.  CONCLUSION

Accordingly, plaintiff's motion to remand will be granted, but for reasons separate and apart from those offered in the motion itself.  *See Velchez v. Carnival Corporation*, 331 F.3d 1207, 1210 (11th Cir. 2003) (holding that a remand order based on procedural defects distinct from those articulated in a motion to remand is not *sua sponte* and, thus, is insulated from appellate review under 28 U.S.C. § 1447(d)).  An appropriate order remanding this case to the Circuit Court of Etowah County, Alabama, will be entered contemporaneously herewith.[17]

DONE this 9th day of January, 2007.

_____
United States District Judge

---

[17] Defendant is cautioned that the 30-day removal window specified by § 1446(b) has now closed, so simply revising the notice of removal to include all claims would be of little use.